UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MICHAEL P. ASCHER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 12-12418-FDS |
| STEPHEN J. DUGGAN, | ) ) ) | |
| Defendant. | ) ) ) | |

MEMORANDUM AND ORDER
ON DEFENDANT'S MOTION TO DISMISS

**SAYLOR, J.**

This is a legal malpractice case. On May 20, 2006, plaintiff Michael Ascher was suspended from the practice of law by the Supreme Judicial Court for mishandling client funds. He was represented in that proceeding by defendant Stephen Duggan. Ascher contends that Duggan negligently represented him by falsely informing him he could work as a paralegal during his period of suspension without any negative consequences. Ascher is currently in the process of petitioning for reinstatement of his law license.

Duggan has moved under Fed. R. Civ. P. 12(b)(5) to dismiss the complaint for insufficient service of process. He has also moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the motion will be denied.[1]

---

[1] As part of his opposition to defendant's motion to dismiss, plaintiff contends the documentary exhibits defendant offered with his motion convert it into a motion for summary judgment. Because the proffered exhibits are not relevant, the Court has not relied on them and will not convert the motion at this time.

I.  **Background**

    A.  **Factual Background**

The facts are set forth below as alleged in the first amended complaint.

In August 2004, a former client of Michael Ascher filed a complaint with the Massachusetts Board of Bar Overseers ("BBO"), alleging irregularities in Ascher's handling of funds given to him by that client. Ascher's malpractice insurance carrier assigned attorney Stephen Duggan to defend the BBO complaint. Ascher claims that there was no basis for the BBO claim.

By February 18, 2005, Ascher had exhausted his legal malpractice insurance coverage. On March 17, 2005, he filed for bankruptcy. In August 2005, he moved to Florida, having lost his Massachusetts home to foreclosure.

Throughout the late summer and early fall of 2005, Ascher and Duggan had several discussions over the telephone about the possibility of a stipulated resolution to the BBO claim. On October 28, 2005, Ascher specifically asked Duggan if he could work as a paralegal if he agreed to a stipulation that included his indefinite suspension from the practice of law. Duggan told him he could work as a paralegal as long as he did not practice law.

Ascher eventually agreed to a stipulation for an indefinite suspension with the BBO.[2] On May 26, 2006, the Massachusetts Supreme Judicial Court approved the BBO stipulation and suspended Ascher indefinitely from practicing law. The order contained no mention of prohibition of paralegal employment.

On July 13, 2007, Ascher took an employment offer from a lawyer in Florida. He

---

[2] Ascher alleges he was coerced into signing the stipulation by Duggan. Because the validity of the stipulation has not been questioned here, the claims of coercion are irrelevant.

worked as a paralegal until June 27, 2008.

According to Ascher, he discovered in March 2010 that his post-suspension employment as a paralegal in Florida would have an adverse impact on his ability to seek reinstatement as a lawyer. On August 16, 2013, he filed a reinstatement package, including a motion for approval of his paralegal employment. He contends that he could not file that package earlier for a number of financial, employment, and health reasons. That reinstatement proceeding is still pending.

### B.      Procedural Background

Ascher filed this action on December 28, 2012. On April 17, 2013, he filed a motion for extension of time to file a return of service of process. The Court granted that motion in an electronic order on May 3, 2013, extending the deadline for return of service to August 25, 2013. Plaintiff did not serve defendant with the complaint until August 19, 2013. He never served defendant with the motion to extend time.

On September 9, 2013, Duggan filed a motion to dismiss on two grounds. First, he contends that the Court should vacate its earlier order granting the motion for extension of time because Ascher failed to show good cause for an extension as required by Rules 12(b)(5) and 4(m). Second, he contends the Court should dismiss the complaint under Rule 12(b)(6) because it does not allege sufficient facts suggesting that Ascher suffered loss or injury.

## II.      Dismissal Without Prejudice

Plaintiff has requested the Court dismiss the case without prejudice with a finding that the limitations period for his legal malpractice claim will begin to run when the SJC enters a dispositive order on his reinstatement petition. Defendant has not agreed to such a resolution.

Plaintiff brings his legal malpractice claim under Massachusetts law.  In Massachusetts, "[t]he statute of limitations [period] applicable to a legal malpractice claim begins to run when a client 'knows or reasonably should know that he has sustained appreciable harm as a result of the lawyer's conduct.'" *Lyons v. Nutt*, 436 Mass. 244, 247 (2002) (quoting *Williams v. Ely*, 423 Mass. 467, 473 (1996)).  Actions for legal malpractice are subject to a three-year limitations period.  Mass. Gen. Laws ch. 260 § 4.  The question, then, is whether plaintiff actually knew or reasonably should have known of the potential claim in 2010 when he learned that his work as a paralegal might hurt his reinstatement.

This issue has not been adequately briefed by both sides.  The Court simply notes that under Massachusetts law, "[t]he plaintiff need not know the extent of the injury or know the defendant was negligent for the cause of action to accrue." *Williams*, 423 Mass. at 473.  Ascher alleges that he did not learn until March 2010 that Duggan's negligence caused him injury because it hurt his chances at reinstatement.  Therefore, for the purposes of this motion to dismiss, the Court will assume the alleged facts of the complaint are true and that the limitations period on plaintiff's legal malpractice claim did not begin to run until March 2010.  Whether that contention can survive summary judgment is a question for another day.

### III.     Sufficiency of Process

#### A.     Standard of Review

When the sufficiency of process is challenged under Rule 12(b)(5), plaintiff bears "the burden of proving proper service." *Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992).  Generally, dismissal for lack of timely service involves a two-step analysis: "[f]irst, the court must determine whether the plaintiff has met its burden of establishing 'good cause' for the

untimely service," and "second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *United States v. Tobins*, 483 F. Supp. 2d 68, 77 (D. Mass. 2007).[3]

### B. Extension for Good Cause

Defendant contends that there is no "good cause" for plaintiff's failure to serve process in a timely manner.

> Good cause is likely (but not always) to be found when the plaintiff[']s failure to complete service in [a] timely fashion is a result of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstance[s], or the plaintiff is proceeding pro se or in forma pauperis. Pro se status or any of the other listed explanations for a failure to make timely service, however, is not automatically enough to constitute good cause for purposes of Rule 4(m).

*McIsaac v. Ford*, 193 F. Supp. 2d 382, 383 (D. Mass. 2002) (quoting WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1137, at 342 (2002)).

None of these factors appear here. There was no obstacle to timely service. Plaintiff did not try to serve defendant within the first 120-day period and is not proceeding *pro se*. Defendant promptly accepted service when it was finally completed on August 19, 2013. Accordingly, there was no "good cause" for plaintiff's motion for extension of time.

### C. Discretionary Extension of Time

Even if plaintiff cannot show good cause such that the Court *must* grant plaintiff an extension of time, the Court nevertheless has discretion under Rule 4(m), even absent a showing of good cause, to extend the time for service. *See Crispin-Taveras v. Municipality of Carolina*,

---

[3] Although the Court granted plaintiff's motion for the extension of time, district courts have inherent power to afford relief from interlocutory judgments as justice requires. *Greene v. Union Mut. Life Ins. Co. of America*, 764 F.2d 19, 22 (1st Cir. 1985). Therefore, the Court proceeds to address the merit's of defendant's claim.

647 F.3d 1, 7 (1st Cir. 2011) (district court "is not required to dismiss a defendant when service is not made within the 120-day deadline," but "also has the option to 'order that service be made within a specific time'") (quoting Fed. R. Civ. P. 4(m)).  "[T]his exceptional relief is appropriate only in circumstances where an extension of time is sought prior to the expiration of Rule 4(m)'s deadline, or where a pro se litigant can show confusion on his part." *McIsaac*, 193 F. Supp. 2d at 384.

In this case, plaintiff filed his complaint on December 28, 2012.  As the 120-day deadline for return of service as required by Rule 4(m) fell on April 27, 2013, a Saturday, plaintiff had until April 29 to serve defendant.  He filed a motion asking for extension of time before that deadline on April 17.  In that motion, he contended the primary reason for filing of the complaint in December of 2012 was to file his legal malpractice claim within the limitations period, and asked for an extension of time for service because he was beset with financial, employment, and health issues that delayed his reinstatement petition.

The Advisory Committee's notes on Rule 4(m) "specifically refer to the running of the statute of limitations [period] as one of the exceptional circumstances in which a court would be justified in granting an extension even absent a showing of good cause." *McIsaac*, 193 F. Supp. 2d at 384; *see also* Fed. R. Civ. P. 4(m) advisory committee's note ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.").  Plaintiff specifically filed this action to avoid running afoul of the statute of limitations, and asked for an extension of time for service because of financial, employment, and health issues that delayed filing in a related proceeding within the first 120-day period.  Furthermore, defendant has not pointed to any

6

specific prejudice he suffered because of the delayed service.

The Court finds that it was within its discretion to grant that extension of time.  As plaintiff served defendant before the Court's deadline of August 25, 2013, that service was timely.  Accordingly, defendant's motion to dismiss under Rule 12(b)(5) will be denied.

### IV.     Failure to State a Claim

Defendant has also moved to dismiss the complaint under Rule 12(b)(6).

#### A.     Standard of Review

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom."  *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir.1999)).  To survive a motion to dismiss, the complaint must state a claim that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief."  *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

#### B.     Analysis

In Massachusetts, a claim for legal malpractice requires a showing of (1) an attorney-

client relationship, (2) a duty to exercise a reasonable degree of care and skill in the performance of the attorney's legal duties, (3) violation of that duty, and (4) reasonably foreseeable loss or damages caused by the attorney's negligence. *Correia v. Fagan*, 452 Mass. 120, 127 (2008). Defendant does not contest plaintiff's allegations on the first three elements. Instead, he contends plaintiff has not alleged facts sufficient for a showing of damages. He argues that because the harm to plaintiff's reinstatement petition from his employment as a paralegal is conclusory and speculative, the complaint has not properly alleged damages.[4]

Plaintiff's alleged injury is not so speculative as to require dismissal under Rule 12(b)(6). SJC Rule 4:01 § 17(7) explicitly states that "no lawyer who is disbarred or suspended . . . under the provisions of this rule shall engage in legal or paralegal work." Plaintiff has alleged he worked as a paralegal while suspended after defendant advised him it would not result in any adverse consequences. It is certainly plausible that his reinstatement petition would be in some way harmed by his violation of a SJC rule. Again, it may prove to be true that plaintiff has suffered no injury, but that determination cannot be made at this stage of the litigation. Accordingly, the motion to dismiss for failure to state a claim will be denied.[5]

## V.     Conclusion

For the foregoing reasons, the defendant's motion to dismiss is DENIED.

---

[4] Defendant's argument could be characterized as a contention that plaintiff's claim is not yet ripe. Because there is no motion on ripeness before the Court, that issue will not be decided at this time.

[5] Defendant also argues that plaintiff's claims of deficient representation during the disciplinary proceedings fail to state a claim because they fail to plausibly suggest a different course of action would have resulted in a more favorable outcome. *See Poly v. Moylan*, 423 Mass. 141, 145 (Mass. 1996) ("In a legal malpractice action a plaintiff who alleges his attorney was negligent in the prosecution of a claim will prevail if he proves that he probably would have obtained a better result had the attorney exercised adequate skill and care."). Because plaintiff at this time is only claiming damage from defendant's advice about his paralegal work and not from the suspension itself, defendant's argument is moot.

**So Ordered.**

                                              /s/ F. Dennis Saylor
                                              F. Dennis Saylor IV
Dated: November 1, 2013                United States District Judge